# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RONELL SCOTT,** | CASE NO. 3:26 CV 547 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **METLIFE,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## BACKGROUND

*Pro se* Plaintiff Ronell Scott, a state prisoner, has filed a civil complaint in this case against MetLife. (Doc. 1). In its entirety, Plaintiff's statement of claim is that he "receive[d] documents from MetLife to sign for money that was for [him] from [his] family" but he "was misl[ed] of information, and fraud that violated [his] First, [F]our[th] and [S]ix[th] [A]mendment right[s]." *Id*. at 5. He seeks compensatory and punitive damages. *See id.*

Plaintiff did not pay the filing fee in the case, but instead, filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2). That Motion is granted, and for the following reasons, the Complaint is dismissed.

## STANDARD OF REVIEW

*Pro se* pleadings are entitled to liberal construction and held to less stringent standards than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Wells v.*

*Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (holding the liberal construction of *pro se* litigants does not "abrogate basic pleading essentials").

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To avoid dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hill*, 630 F.3d at 470-71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* [for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6)] governs dismissals for failure to state a claim" under § 1915(e)(2)(B)). Although detailed allegations are not required, a complaint must set forth allegations sufficient to raise a right to relief above a speculative level and provide the defendant fair notice of his claims and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

### DISCUSSION

Upon review, the Court finds that Plaintiff's Complaint warrants dismissal in accordance with § 1915(e)(2)(B). Even liberally construed, it fails to state a plausible claim upon which he may be granted relief.

First, Plaintiff's Complaint fails to allege a plausible claim for damages against MetLife for violations of his constitutional rights under 42 U.S.C. § 1983. Section 1983 is the federal statutory basis for a private damages cause of action based on alleged federal rights violations.

2

However, for liability to attach under § 1983, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff's Complaint does not allege or set forth facts plausibly suggesting that MetLife, a private company, engaged in state action for purposes of a § 1983 claim under any test recognized in this Circuit. *See Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (stating that the Sixth Circuit has recognized four tests in determining whether challenged private conduct is fairly attributable to the state: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test). Accordingly, to the extent Plaintiff seeks damages for violations of his First, Fourth or Sixth Amendment rights, his Complaint fails to state a plausible claim.

Second, even to the extent Plaintiff's Complaint is construed as alleging a common law claim for fraud, its factual allegations are insufficient to state such a claim. Federal Civil Rule 9(b) requires claims of fraud to be alleged "with particularity" in order to afford the defendant sufficient notice of the basis for the claim such that the defendant is able to prepare an informed response. *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988); *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

To satisfy the requirements of Rule 9(b), a complaint alleging fraud or misrepresentation, must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998) (quoting *Acito v. IMCERA Grp.*, 47 F.3d 47, 51 (2d Cir. 1995)); *see also Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta*, 10 F. Supp. 2d at 883). "At a minimum, Plaintiffs must allege the time, place and contents of the misrepresentations upon which they

3

relied." *Frank*, 547 F.3d at 570; *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (Rule 9(b) requires "the plaintiff specify the who, what, when, where, and how of the alleged fraud" (citation modified)).

Plaintiff's Complaint alleges fraud in purely conclusory terms and only generally alleges he was "misled" by MetLife. *See* Doc. 1, at 5. But he fails to assert *any* facts sufficient to establish a valid fraud claim, including the specific statements or representations made to him which he contends were fraudulent, or the time, place, or manner of how Defendant allegedly misled or defrauded him. Even under the liberal standards afforded *pro se* pleadings, Plaintiff's Complaint is insufficient to meet the required pleading standards for a claim of fraud. Courts "have freely dismissed complaints," even *pro se* complaints, where, as here, such complaint is based on "mere conclusory allegations to the effect that defendant's conduct was fraudulent" but fails to set forth factual allegations supporting a claim of fraud with particularity as required by Rule 9(b). *Gupta,* 10 F. Supp. 2d at 883; *see also Rahaman v. State Farm Mut. Ins. Co.*, 2022 WL 17337817, at *4 (E.D. Mich.) ("Plaintiff's pro se status does not excuse Rule 9(b)'s requirement that [his] claims of fraud be alleged with particularity.")

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Complaint be, and the same hereby is, DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2026